Filed 7/12/21  P. v. Moten CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B307982 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA112984) |
| v. | |
| VICTOR ANTHONY MOTEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Jack T. Weedin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Victor Anthony Moten appeals from the judgment entered after a jury found him guilty of making a criminal threat and Moten admitted in a bifurcated proceeding he had suffered a prior serious felony conviction within the meaning of the three strikes law. No arguable issues have been identified following review of the record by Moten's appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information filed November 19, 2019 Moten was charged with making a criminal threat (Pen. Code, § 422)[1] with special allegations he had suffered a prior serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12) and section 667, subdivision (a). Moten pleaded not guilty and denied the special allegations.

According to the evidence presented at trial, on August 9, 2019 Bobbi Sutton called the 911 emergency number and then went to a Long Beach Police Department station to report threatening text messages she had received from Moten that included bloody photographs of Nicole Brown Simpson. Moten and Sutton had been in an on-again, off-again intimate relationship for more than seven years. It was Sutton's understanding that she and Sutton were separated during August 2019.

After showing an officer the text messages, Sutton told him she was scared and believed Moten had the ability to carry out his threat to murder her. Sutton explained she believed Moten was upset because she did not attend a court hearing at which he was taken into custody, which resulted in his son being taken

---

[1]     Statutory references are to this code.

into protective custody by the Department of Children and Family Services. At trial, however, Sutton testified she loved Moten, was not frightened by the messages and wished the case had not gone to trial.

A search warrant for Moten's phone records confirmed that the last four digits of his cell phone and the four digits available for the text messages at issue were identical.

When interviewed by police, Moten denied sending the text messages. Testifying in his defense at trial, however, Moten admitted sending the messages and photographs but insisted he did not intend to threaten or frighten Sutton. Messages of this sort, Moten claimed, were simply part of their relationship. During his testimony Moten provided a number of examples of comparable violent-seeming exchanges between them, including several in which Sutton had made threats to harm Moten.

The jury found Moten guilty of the charged offense. In a bifurcated proceeding, after waiving his right to a jury trial, Moten admitted the prior serious felony conviction.

The trial court denied Moten's motion to dismiss his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, but struck the section 667, subdivision (a), five-year prior serious felony enhancement pursuant to section 1385. The court sentenced Moten to four years in state prison, the middle term of two years doubled under the three strikes law, and awarded him 737 days of presentence custody credit. On January 5, 2021 Moten's sentence was recalled; and he was resentenced to two years eight months in state prison, the lower term of 16 months doubled under the three strikes law.

Moten filed a timely notice of appeal.

3

## DISCUSSION

We appointed counsel to represent Moten on appeal. After reviewing the record, counsel filed a brief raising no issues. On May 20, 2021 counsel wrote Moten and advised him that counsel intended to file a no-issue brief and that Moten personally could submit his own supplemental letter brief in which he identified any contentions or issues he wished us to consider. We sent a similar notice to Moten on May 20, 2021. We have received no response.

We have reviewed the entire record in this case and are satisfied appellate counsel for Moten has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.          FEUER, J.

4